IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11CR280 |
| | ) | |
| WISSEM ALI | ) | |

**RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO
<u>TERMINATE SUPERVISED RELEASE TERM</u>**

On February 15, 2012, defendant, Wissem Ali, pled guilty to distribution of over one kilogram of cocaine, trafficking in contraband cigarettes that resulted in a loss of over $2.3 million in tax revenue, and money laundering.[1] He was released from prison for these crimes on

---

[1] Defendant's crimes pertain to a scheme over an extended period of time to purchase millions of contraband cigarettes in exchange for large quantities of United States currency, controlled substances, luxury vehicles, and other items. Defendant was involved in the operation from the beginning, but left in early 2009. At the time, the organization was exchanging only cash for the cigarettes.

In November 2010, defendant returned to the criminal organization. Though his role was essentially the same, the leader of the operation, Majed Mohamed, was in Yemen at this time, so defendant had more direct contact with the source of supply, an undercover ATF agent than he had earlier. Defendant's first contact with the source after returning to the organization was on November 30, 2010, at a luncheon meeting to discuss the operation. Among other topics discussed at this meeting was the exchange of controlled substances, including cocaine base, cocaine hydrochloride, and heroin, for the contraband cigarettes. By this time, the organization had already exchanged considerable quantities of those controlled substances. In addition, between July 1 and July 26, 2011, defendant negotiated the July 26, 2011 delivery of 1005 grams of cocaine hydrochloride that is the basis for Count Seven. PSI at p. 15, ¶47; p. 19, ¶¶ 18-19.

Fortunately, defendant provided the drugs to undercover ATF agents. Defendant, however, believed they were being sold to an individual for further distribution within the community. This quantity of cocaine would have had a devastating impact on the lives of the ultimate users and those in contact with the ultimate users. Further, the taxes effectively stolen from the Commonwealth of Virginia and the State and City of New York were considerable.

December 3, 2015, to begin serving his five-year term of supervised release. He has found supervised release too onerous, however, and now seeks termination after serving less than one-third of the time imposed, so that he can visit family in his native Yemen.

In support of his motion, defendant represents that his current probation officer, Jonathan L. Guthrie, "is both supportive of this request and encouraged [defendant] to file it." Brief of Defendant at 2. In fact, in a telephone conversation with undersigned counsel, Mr. Guthrie stated that he could not and would not recommend early termination of supervised release for defendant.[2] Though defendant has 'not been any trouble," Mr. Guthrie believes that defendant has not yet been on supervision for a sufficient period of time. In addition, he continues to owe a considerable amount in restitution.

Further, though Mr. Guthrie is not aware of any violations by defendant of the terms of his probation, defendant presents no extraordinary steps he has taken that separate him from the plethora of other individuals currently on supervised release who will serve their entire terms. In short, defendant can represent, at best, that he has done what he was supposed to do while on supervision and seeks early termination for his own convenience. That is not a basis for early termination. This is particularly true for an individual who has committed the severity of crimes defendant has. His road to recovery is necessarily a long one.

Defendant talks in general terms of percentages of persons who recidivate. But even assuming defendant falls within the range of those who have turned their lives around (and he

---

The total loss, just from defendant's portion of the operation exceeds $2,500,000. PSI at p. 22, ¶ 54.

[2] Mr. Guthrie did say that when he told defendant that Mr. Guthrie could not grant early termination, he did tell defendant that he, defendant, could file on his own. Perhaps this is what defendant meant in representing that Mr. Guthrie encouraged him to file the present petition.

presents no evidence that he is), at best, this is only one measure of supervised release. An important part of the program is to ensure that a former defendant is properly and successfully reacclimated into society so that he is prepared for life after a felony conviction. That takes time. Defendant has offered nothing to suggest that he is one of the rare individuals who can so quickly return to the community, without the support and oversight afforded by supervision.

Defendant also cavalierly ignores his substantial restitution obligation, in effect saying that since he can never pay the whole thing, why worry. The victims do not take such an approach. But supervised release remains the sole vehicle this Court has to ensure defendant will continue to make his payments. That the United States could file a civil action and expend time and money pursuing further payments through litigation is little solace.

Defendant has not established that just one-and-one-half years into his five-year term of supervised release he is presently an appropriate candidate for termination. Accordingly, this Court should deny the request.

                              Respectfully submitted,

                              DANA J. BOENTE
                              United States Attorney

By:          /s/
       Stephen W. Miller
       Counsel for the United States
       U.S. Attorney's Office
       919 E. Main Street, Suite 1900
       Richmond, VA 23219
       Phone: 804-819-5487
       Fax: 804-771-2316
       Email: Stephen.miller@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2017, a copy of the foregoing brief was mailed to:

    Wissam Ali
    13480 Highway 371
    Minden, Louisiana 71055


    By:       /s/
          Stephen W. Miller
          Counsel for the United States
          U.S. Attorney's Office
          919 E. Main Street, Suite 1900
          Richmond, VA 23219
          Phone: 804-819-5487
          Fax: 804-771-2316
          Email: Stephen.miller@usdoj.gov