IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 3:11CR280–HEH |
| | ) | |
| WISSAM ALI, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
JUN 22 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## ORDER
**(Denying Defendant's Motion to Terminate Supervised Release)**

THIS MATTER is before the Court on Defendant's *pro se* Motion to Terminate Supervised Release (ECF No. 167) filed on March 20, 2017.

Defendant asks this Court for early termination of his supervised release, under 18 U.S.C. § 3583(e)(1), because he has paid his special assessment and monthly installments towards his restitution, committed no infractions upon his release, and has met all the requirements set forth by the United States Probation Office.

On March 27, 2017, pursuant to 18 U.S.C. § 3605, the Court transferred jurisdiction of Defendant's supervised release to the Western District of Louisiana. (ECF No. 168.) Section 3605 permits the Court to transfer jurisdiction over Defendant's supervised release to any judicial district to which Defendant is permitted to proceed while on supervision.

Because jurisdiction was transferred to the Western District of Louisiana, that court has the authority to exercise all powers over the Defendant, including over Defendant's motion filed in this Court before transfer. *Cf. United States v. King*, 608

F.3d 1122, 1126 (9th Cir. 2010) (holding "a transferee court has jurisdiction . . . to revoke a term of supervised release for violations committed before the transfer of jurisdiction"). Accordingly, this Court does not possess the jurisdiction to grant Defendant's Motion for early termination of supervised release. *United States v. Clark*, 405 F. App'x 89, 92 (8th Cir. 2010) (unpublished opinion) (holding that the "transferee court . . . take[s] full jurisdiction from the transferor court," and therefore the transferor court lacked jurisdiction to deny the amended motion for early termination of supervised release) (quoting *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004)). Therefore, Defendant's motion is DENIED for lack of jurisdiction.

The Clerk is directed to send a copy of this Order to all counsel of record and to the Defendant who is *pro se*.

It is so ORDERED.

                                                 /s/
                                     Henry E. Hudson
                                     United States District Judge

Date: June 22, 2017
Richmond, Virginia